SCHOTT, Judge,
dissenting in part.
I am not convinced that R.S. 51:1409 A authorizes the award to Mrs. Bercier of attorney’s fees under the pleadings and facts of this case. The statute provides as follows:
Any person who suffers any ascertainable loss of money or movable property, corporeal or incorporeal, as a result of the use or employment by another person of an unfair or deceptive method, act or practice declared unlawful by R.S. 51:1405, may bring an action individually but not in a representative capacity to recover actual damages. If the court finds the unfair or deceptive method, act or practice was knowingly used, after being put on notice by the director or attorney general, the court shall award three times the actual damage sustained. In the event that damages are awarded under this Section, the court shall award to the person bringing such action reasonable attorney’s fees and costs. Upon a finding by the court that an action *1313 under this section was groundless and brought in bad faith or for purposes of harassment, the court may award to the defendant reasonable attorney’s fees and costs.
In her initial response to plaintiff’s petition Mrs. Bercier filed a general denial of the allegations. She subsequently filed a reconventional demand against plaintiff in which she sought damages for the loss of use of her automobile, mental anguish, and attorney’s fees. Nowhere in the pleadings is the Louisiana Unfair Trade Practices and Consumer Protection Law mentioned.
The trial court did not award Mrs. Bercier any damages other than her attorney’s fees. However, in reasons for judgment the court stated:
“Insofar as attorney’s fees are concerned the court is of the opinion that R.S. 51:1409 is applicable, and entitles plaintiff in reconvention to attorney’s fees.”
This statute is penal in nature and is subject to reasonably strict construction. Coffey v. Peoples Mortg. & Loan of Shreveport, 408 So.2d 1153 (La.App.2d Cir.1981). It entitles a person to bring an action for actual damages suffered as a result of an unfair or deceptive method, act or practice. It provides for an award of attorney’s fees only [i]n the event that damages are awarded under [the] Section ...” Since Mrs. Bercier was awarded no damages the statute authorizes no attorney’s fees.
I do not consider Mrs. Bercier to be in the class of litigants the statute was intended to include for eligibility for attorney’s fees. She was essentially a defendant in a commercial claim for services rendered by plaintiff. The court found that the services were unnecessary and awarded her attorney’s fees for defending herself against the claim. The statute cannot be construed to authorize attorney’s fees simply because she successfully defended against plaintiff’s suit.
I would amend the judgment to delete the award of attorney’s fees, but I concur with my colleagues in every other respect.